

**In the Matter of James J. SCANLON.**

**No. 114 DB 2005 (No. 49 RST 2005).**

Supreme Court of Pennsylvania.

Nov. 29, 2005.

*ORDER*

PETITION FOR REINSTATEMENT
FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 29th day of November, 2005, the Report and Recommendations of the Disciplinary Board dated October 21, 2005, are approved and it is ORDERED that JAMES J. SCANLON, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

*ORDER*

PER CURIAM.

AND NOW, this 29th day of November, 2005, the Petition for Allowance of Appeal is hereby granted, limited to the following issue:

Whether the Commonwealth Court's decision permitting the reduction of postretirement healthcare benefits for active officers conflicts with the Supreme Court decision in *Appeal of Upper Providence Twp?*

The order of the Commonwealth Court is vacated insofar as it resolved the post retirement health care benefits issue, and the case is remanded to the Commonwealth Court for consideration and analysis of this Court's decision in *Appeal of Upper Providence Township,* 514 Pa. 501, 526 A.2d 315 (1987).